IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------------X

JAKUBOWICZ, *et al.*,

                Plaintiffs,　　　　　　　　　Docket No:

       -against-　　　　　　　　　　　　18-cv-01450 (RDM)

THE ISLAMIC REPUBLIC OF IRAN, *et al*,

                Defendants.

---------------------------------------------------------------------X

## MOTION BY PLAINTIFFS TO AMEND COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a), Plaintiffs hereby move the Court for leave to amend their Complaint to include a demand for prejudgment interest in the prayer for relief at the end of the complaint. The proposed Amended Complaint, attached here as Exhibit A, is otherwise identical to the original complaint.

Plaintiffs moved for the same relief previously (Dkt. 52) but inadvertently neglected to include a redlined version of the proposed amended complaint with that motion, leading to that motion being denied without prejudice by minute order dated September 29, 2020. Plaintiffs now renew that motion, and submit herewith a redlined version of the proposed amended complaint.

Plaintiffs respectfully request the Court grant leave to amend their Complaint to include a claim for pre-judgment interest and in support thereof state the following:

Pursuant to Fed. R .Civ. P. 15(a)(2), Plaintiffs must seek consent from the Defendant or obtain leave of court to file an amended complaint, as the time to amend as a matter of right has passed.

Defendants in this action could not be sent a copy of Plaintiffs' Motion for Leave to File Amended Complaint as they have not yet entered an appearance and appear not to have acknowledged other efforts to contact them in this case or others similar to it. Therefore their consent or opposition to this Motion could not be obtained.

In such situations where Defendants have not responded, the Court should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2).

Leave to amend should be granted in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Plaintiffs' delay in seeking to include the remedy of pre-judgment interest is due to the fact that it was inadvertently omitted from the original Complaint. Plaintiffs contend that their delay is not undue, however, as the proposed amendment does not prejudice the Defendants. "Consideration of whether delay is undue…should generally take into account the actions of other parties and the possibility of any resulting prejudice." *Atchinson v. District of Columbia*, 73 F. 3d 418, 426 (D.C. Cir. 1996).

To establish prejudice from a proposed amended pleading, an "opposing party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *In re Vitamins Antitrust Litig.,* 217 F.R.D. 30, 32 (D.D.C. 2003). Furthermore, "an amendment would be unduly prejudicial if it 'substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation'; it would 'put [the opponent] to added expense and the burden of a more complicated and lengthy

trial'; or it raises 'issues…[that] are remote from the other issues in the case'." *United States ex rel. Scott v. Pacific Architects and Engineers (PAE), Inc.,* 327 F.R.D. 17, 20 (quoting *Djourabchi v. Self,* 240 F.R.D. 5, 13 (D.D.C. 2006). Plaintiffs seek leave to include an additional form of relief, not to add new factual allegations or causes of action that would impose additional burden on the Defendants.

Moreover, Defendants have never appeared or responded in this case.

Lastly, Plaintiffs' requested amendment is not futile. "When a plaintiff fails to establish the facts or circumstances to make a claim in seeking to amend a pleading, amendment is futile and the court acts within its discretion to refuse amendment." *Ambellu v. Re'ese Adbarat Debre Selam Kidist Mariam*, 403 F. Supp. 3d 72, (D.C.2019). The form of relief Plaintiffs seek to include by amendment – prejudgment interest – has been sought by similarly-situated Plaintiffs, and awarded by the Court, in numerous prior cases arising from acts of terrorism. *See Reed v. Islamic Republic of Iran,* 845 F. Supp. 2d 204, 214-15 (the Court determined that pre-judgment interest was appropriate on the whole award, including pain and suffering and solatium, but not punitive damages), *see also Opati v. Republic of Sudan,* 60 F. Supp. 3d 82; *Estate of Doe v. Islamic Republic of Iran,* 943 F. Supp. 2d 180, 185.

WHEREFORE, the undersigned moves this Honorable Court to enter an Order granting Plaintiffs' Motion for Leave to File an Amended Complaint.

Dated:   Brooklyn, New York
         February 18, 2021

                    Respectfully submitted,

                    THE BERKMAN LAW OFFICE, LLC
                    *Attorneys for the Plaintiffs*

                    by:  _____
                         Robert J. Tolchin

                    111 Livingston Street, Suite 1928
                    Brooklyn, New York 11201
                    718-855-3627

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the date indicated below a true copy of the foregoing was served via ECF on all counsel of record herein:

Dated:    Brooklyn, New York
            February 18, 2021

                                                  Robert J. Tolchin